## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 08 C 7008 | DATE | February 21, 2012 |
| CASE TITLE | Morrow vs. May et al | | |

**DOCKET ENTRY TEXT**

This case comes before the Court on the Bill of Costs of defendants. This Court awards costs in the amount of $1,961.20 to defendants.

■ [ For further details see text below.]   Docketing to mail notices.

### ORDER

     This case comes before the Court on the bill of costs of Defendants City of Chicago and Officers Edward J. May, Edward J. Carroll, Shawn J. Pickett, and Brian P. Town (collectively, "Defendants"). For the reasons stated below, this Court awards costs in the amount of $1,961.20 to Defendants.

     On December 9, 2011, this Court entered judgment in favor of the Defendants and against Plaintiff McKenzie Morrow ("Plaintiff") after a jury rendered a verdict for the Defendants on all counts. Defendants now seek to recover $2,745.78 for costs, which includes $450.00 for service on six individuals, $1,806.30 for court reporter fees, and $489.48 for photocopies. As a preliminary matter, this Court denies Plaintiff's renewed request to stay the determination of costs for the reasons stated in open court.

     A prevailing party may recover costs other than attorney's fees. Fed. R. Civ. P. 54(d)(1). Pursuant to 28 U.S.C. § 1920, the prevailing party may recover: (1) fees of the clerk and marshal; (2) fees for transcripts necessarily obtained for use in the case; (3) fees for printing and witnesses; (4) fees for exemplification and the costs of making copies of any materials for use in the case; (5) docket fees; and (6) compensation of court appointed exerts and interpreters.

     Plaintiff objects to Defendants' recovery of the service fees for three reasons. First, Plaintiff challenges the reasonableness of fees for service on four of six individuals: Lee Floyd, Lavontay Bell, Jason Kopec, and Richard Land. "[T]o award costs for service of subpoenas, the court need only determine whether the subpoenas were reasonable and necessary when served in light of the facts known at the time of service." *Movitz v. First Nat'l Bank of Chi.*, 982 F. Supp. 571, 574 (N.D. Ill. 1997). To demonstrate that the subpoenas were unreasonable or unnecessary, Plaintiff must offer evidence showing that Defendants unreasonably believed that the testimony was necessary at the time sought. *See id.*

**ORDER**

Plaintiff does not challenge Defendants' belief that the testimony of Lee Floyd, Lavontay Bell, or Jason Kopec was necessary. As to Lee Floyd, although Plaintiff's counsel informed Defendants of her belief that he was dead, Plaintiff's counsel never provided the source of her belief, and Plaintiff listed Lee Floyd as a witness he expected to call at trial. For these reasons, Defendants' attempted service was reasonable and Defendants are entitled to recover the cost of service. As to Lavontay Bell, Plaintiff argues that Defendants' counsel knew that he did not live at the address served. Plaintiff, however, cannot fault Defendants for attempting to serve Lavontay Bell at the address provided by Plaintiff in his own witness list. Further, even though someone improperly accepted service on Lavontay Bell's behalf, Defendants are entitled to recover the fee for the attempted service at his last known address. Concerning the subpoena served on Jason Kopec, Plaintiff points to the process server's affidavit which shows no amount due for the service. Although Defendants attached an invoice which includes a $75.00 charge for the service, Defendants did not rebut Plaintiff's point or demonstrate that they ultimately paid the fee. Accordingly, the Court reduces Defendants' request for costs by $75.00.

Finally, concerning the attempted service on Richard Land, the owner of the building near where the arrest took place, Plaintiff argues that his testimony was irrelevant. Defendants believe that Richard Lane was the "cigarette man" who Plaintiff alleged was present immediately before the arrest. Because Richard Lane potentially witnessed the events leading up to the arrest, the service was reasonable and Defendants are entitled to recover the cost of the service.

Second, Plaintiff argues that the service fees are excessive because they exceed the fee charged for service by the marshal. Although 28 U.S.C. § 1920(1) does not expressly allow a prevailing party to recover the fees of a private process server, such costs are taxable as long as the fees do not exceed the amount charged by the U.S. Marshals Service to effectuate service. *Collins v. Gorman*, 96 F.3d 1057, 1060 (7th Cir. 1996). The marshal charges $55.00 per hour for service of process plus travel costs and out-of-pocket expenses. 28 C.F.R. § 0.114(a)(3). Defendants were charged a flat fee of $75.00 for each instance of service and no amount for travel. Because the fee exceeds the marshal's fee by $20.00, the Court reduces Defendants' request for costs by $20.00 for each of the five service fees that Defendants may recover ($100.00 total).

Finally, Plaintiff objects to the service fees because service was procedurally defective, given that no witness fees were tendered with the subpoenas in accordance with Federal Rule of Civil Procedure 45(b)(1). However, Plaintiff does not state that any witness failed to appear because of the defective service or provide any authority that the procedural defect excuses Plaintiff's obligation to pay the costs.

In addition to the service fees, Plaintiff objects to Defendants' recovery of the court reporter attendance fee for his deposition. A court may in its discretion award deposition attendance fees under 28 U.S.C. § 1920(2), which permits the prevailing party to recover fees for transcripts. *Held v. Held*, 137 F.3d 998, 1002 (7th Cir. 1998). However, "the costs of the transcript or deposition shall not exceed the regular copy rate as established by the Judicial Conference of the United States." N.D. Ill. L.R. 54.1(b). Since October 29, 2007, the regular copy rate has been set at $3.65 per page. In other words, the court reporter's attendance fee may be taxed as costs only to the extent that the fee, when added to the per page rate charged for the deposition transcript, does not cause the total charge per page to exceed $3.65. *Blackwell v. Kalinowski*, 2011 WL 3555770, at *2 (N.D. Ill. Aug. 11, 2011). The court reporter charged $543.50 for Plaintiff's deposition, including $381.10 for the 104 page deposition transcript (approximately $3.66 per page) and $162.50 as an attendance fee. That attendance fee combined with the amount charged for the transcript exceeds the $3.65 per page maximum established by the Judicial Conference. Defendant may recover no more than $3.65 per page which equals $379.60 for 104 pages. Accordingly, the Court reduces Defendants' request for costs by $163.90 (i.e., the amount sought for Plaintiff's deposition less the amount recoverable under 28 U.S.C. § 1920(2)).

**ORDER**

    Finally, Plaintiff objects to Defendants' recovery of costs for photocopying. The prevailing party may recover costs for copies "necessarily obtained for use in the case." 28 U.S.C. § 1920(4). The cost of copies made solely for the convenience of the prevailing party's attorneys is not recoverable. *Am. Safety Cas. Ins. Co. v. City of Waukegan*, 2011 WL 6437535, at *7 (N.D. Ill. Dec. 20, 2011) (citing *Haroco, Inc. v. Am. Nat'l Bank & Trust Co. of Chi.*, 38 F.3d 1429, 1441 (7th Cir. 1994)). Although Defendants attached a cost report to their bill of costs, the report does not identify the nature of the documents copied so that the Court is unable to determine which copies were necessarily obtained for use in the case and which copies were made solely for the convenience of the attorneys. Plaintiff admits that some of the copies were made on dates when Defendants filed a document with the Court and Plaintiff agrees to pay for those copies, totaling $43.80. Because Defendants did not provide any support that the remaining costs were not for the convenience of the attorneys, Defendants may recover only $43.80 for copying costs. Accordingly, the Court reduces Defendants' request for costs by $445.68.

    For the foregoing reasons, this Court awards costs in the amount of $1,961.20 to Defendants.

**Date: February 21, 2012**

_____
**CHARLES P. KOCORAS**
**U.S. District Judge**